NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JOSEPH T. MCNALLY (Cal. Bar No. 250289)
Assistant United States Attorney
    United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: 213-894-2272
    Facsimile: 213-894-2275
    E-mail:    joseph.mcnally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
SEP 9, 2020
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY  MKU
Deputy Clerk, U.S. District Court

LODGED
CLERK, U.S. DISTRICT COURT
9/8/2020
CENTRAL DISTRICT OF CALIFORNIA
BY:  jgu  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ELITE REHAB PLACEMENT LLC,

    Defendant.

No. CR **8:20-CR-0121-JLS**

PLEA AGREEMENT FOR DEFENDANT
ELITE REHAB PLACEMENT LLC

1. This constitutes the plea agreement between Elite Rehab Placement LLC ("Elite Rehab" or "defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single count information in the

form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with conspiracy in violation of Title 18, United States Code, Section 371.

       b. Not contest facts agreed to in this agreement.

       c. Abide by all agreements regarding sentencing contained in this agreement.

       d. Appear for all court appearances and obey any other ongoing court order in this matter.

       e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

       h. Pay a $500,000 fine no later than 30 days prior to sentencing.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

       a. Not contest facts agreed to in this agreement.

       b. Abide by all agreements regarding sentencing contained in this agreement.

       c. Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for additional violations of federal law arising out of defendant's conduct

described in the factual basis including honest services fraud, wire fraud, mail fraud, and the Travel Act. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider any uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a) and § 3572.

    d.    Recommend the Court impose a fine of $500,000.

## COMPANY AUTHORIZATION

4. Defendant represents that it is authorized to enter into this agreement. On or before the change of plea hearing pursuant to this agreement, defendant shall provide the USAO and the Court with a notarized legal document certifying that defendant is authorized to enter into and comply with all of the provisions of this agreement. Such resolution(s) shall designate Tom Kearns as the company representative who is authorized to take the actions specified in this agreement, including pleading guilty on behalf of the company, and shall also state that all legal formalities for such authorizations have been observed.

## ORGANIZATIONAL CHANGES AND APPLICABILITY

5. This agreement shall bind defendant, its successor entities (if any), parent companies, and any other person or entity that

assumes the liabilities contained herein ("successors-in-interest"). Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation Office for the Central District of California with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or comply with any forfeiture obligations or otherwise affecting this agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this agreement. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

## NATURE OF THE OFFENSE

6. Defendant understands that for defendant to be guilty of the crime charged in the single count information, that is, conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371, the following must be true: (1) there was an agreement between two or more persons to commit the crime of use of an interstate facility in aid of bribery, (2) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it, and (3) one of the conspirators performed an overt act for the purpose of carrying out the conspiracy. In order for a defendant to be guilty of the object of the conspiracy, that is the crime of use of interstate facility in aid of bribery, in violation of Title 18, United States Code, Section 1952(a)(3), the following must be true: (1) defendant used the mail or a facility of interstate commerce with the intent to promote,

manage, establish, or carry on, or facilitate the promotion, management, establishment, or carrying on, of unlawful activity, specifically the payment and/or receipt of kickbacks in violation of California Insurance Code § 750; and (2) after doing so, defendant performed or attempted to perform an act to promote, manage, establish, or carry on, or facilitate the promotion, management, establishment, or carrying on, of such unlawful activity.

## PENALTIES

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: five years' probation; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

## SUSPENSION, REVOCATION, AND DEBARMENT

8. Defendant understands that if defendant holds any regulatory licenses or permits, the conviction in this case may result in the suspension or revocation of those licenses and permits. The USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof. Suspension and debarment of organizations convicted under various federal environmental protection and criminal statutes is a discretionary administrative action solely within the authority of the federal contracting agencies. Defendant understands that unanticipated collateral consequences such as this will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Elite Rehab is a limited liability corporation based in Clinton Township, Michigan, doing business in Orange County, within the Central District of California. Elite Rehab operated an alcohol and drug treatment placement service in Orange County, California. As part of its operations, Elite Rehab recruited individuals ("prospective patients") seeking alcohol and drug treatment through nationwide online marketing and other means. After prospective patients contacted Elite Rehab, Elite Rehab would consult with the prospective patient and determine the appropriate facility for the patient. Elite Rehab did not disclose to prospective patients that it was receiving kickbacks in exchange for referring the patients to treatment facilities, or that its selection of the facility to which a prospective patient would be referred was at times influenced by the kickbacks if received in exchange for the referrals.

As part of their agreement to implement the kickback scheme, Elite Rehab and Entity A entered into contracts pursuant to which Entity A agreed to pay Elite Rehab kickbacks provided that the referred patient stayed at Entity A for seven days. The agreed-upon

kickbacks ranged from $7,000 to $8,500 per patient. Because Elite Rehab and Entity A knew that the payment and receipt of kickbacks was unlawful, they disguised the true nature of the payments by having the contracts and invoices state that Entity A would pay Elite Rehab for "marketing" hours. Entity A actually paid Elite Rehab kickbacks on a per patient basis and the term "marketing" hours was used to cover up the arrangement.

For example, on or about May 19, 2016, Elite Rehab sent Entity A an invoice for $42,000 for purported marketing services; in truth, the invoice was a bill for referring six patients. Entity A agreed to pay only $21,000 because some of the patients left before the required seven-day period. On or about May 26, 2016, Entity A paid $21,000 to Elite Rehab as payment for the six referrals.

On or about August 15, 2016, Elite Rehab and Entity A entered into a sham contract that falsely stated that Entity A would pay Elite Rehab $8,500 per marketing hour. The language of the contract was designed to, and did, disguise the true nature of the parties' actual agreement, namely, that Entity A would pay a kickback of $8,500 for each patient that Elite Rehab referred. On March 20, 2017, Elite Rehab sent Entity A an invoice for $25,500 for purported marketing services; in truth, the invoice was a request for payment for the referral of three patients. On or about March 27, 2017 and April 3, 2017, Entity A wired money to Elite Rehab as payment for the three referrals.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures

under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. §§ 3553(a) and 3572. Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) and § 3572 factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

<u>Offense Level and Base Fine Under U.S.S.G. §§ 8C2.1, 8C2.3, 8C2.4</u>

| | | |
|---|---|---|
| Base Offense Level: | 8 | U.S.S.G. § 2B4.1(a) |

<u>Culpability Score and Fine Multiplier Under U.S.S.G. §§ 8C2.5, 8C2.6</u>

| | | |
|---|---|---|
| Base points: | 5 | U.S.S.G. § 8C2.5(a) |
| Acceptance: | -2 | U.S.S.G. § 8C2.5(g)(3) |
| Total Culpability Score: | 3 | |
| Fine Multiplier: | .6-1.2 | U.S.S.G. § 8C2.6 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics (including the value of the benefit conferred), adjustments, and departures under the Sentencing Guidelines are appropriate.

12. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7) and § 3572.

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

　　a.　The right to persist in a plea of not guilty.

　　b.　The right to a speedy and public trial by jury.

　　c.　The right to be represented by counsel at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel at every other stage of the proceeding.

　　d.　The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

　　e.　The right to confront and cross-examine witnesses against defendant.

　　f.　The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

　　g.　Any and all rights to pursue any affirmative defenses, Fourth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15. Defendant agrees that, provided the Court imposes a total fine on the count of conviction of no more than $500,000, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (f) the term of probation imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation imposed by the Court: the conditions set forth in General Order 18-10 of this Court.

16. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of probation of not less than five years and a fine of $500,000 the USAO gives up its right to appeal any portion of the sentence.

17. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of

facts provided herein is insufficient to support defendant's plea of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

19. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement. Defendant further agrees that should the USAO choose to pursue any charge that was not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

  a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

        b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

        c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

23.    Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of

sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

_/s/ for McNally_____     7/2/20
JOSEPH T. MCNALLY                 Date
Assistant United States Attorney

_/s/_____     6-18-2020
TOM KEARNS                        Date
Authorized Representative of
Defendant Elite Rehab Placement LLC

_/s/ D. M_____    June 19, 2020
DANIEL RUBINSTEIN                 Date
Attorney for Defendant Elite Rehab
Placement LLC


CERTIFICATION OF DEFENDANT

I have been authorized by Elite Rehab Placement LLC to enter into this agreement on its behalf. I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with Elite Rehab Placement's attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with Elite Rehab Placement's attorney, and Elite Rehab Placement's attorney has advised me of Elite Placement

15

Rehab's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. §§ 3553(a) and 3572, of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me or Elite Rehab Placement other than those contained in this agreement. No one has threatened or forced me or Elite Rehab Placement in any way to enter into this agreement. I am satisfied with the representation of Elite Rehab Placement's attorney in this matter, and Elite Rehab Placement is pleading guilty because it is guilty of the charge and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     6-18-2020
TOM KEARNS                          Date
Authorized Representative of
Defendant Elite Rehab Placement
LLC

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Elite Rehab Placement LLC's attorney. I have carefully and thoroughly discussed every part of this agreement with my client through its authorized representative Tom Kearns. Further, I have fully advised my client of its rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in

16

18 U.S.C. §§ 3553(a) and 3572, of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    June 19, 2020
DANIEL RUBINSTEIN                  _____
Attorney for Defendant Elite Rehab   Date
Placement LLC